UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

DAVID LOPEZ,

            Defendant.

---

02-CR-1327

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

    A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

David Lopez was originally sentenced by this court on January 22, 2004 to fifty-six months in custody and three years of supervised release for conspiracy to distribute and possession with intent to distribute cocaine base, heroin, cocaine, and MDMA in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). A $100 special assessment was imposed. A special condition of his supervised release was that the defendant follow the directions of the Probation Department with respect to substance abuse treatment.

On September 19, 2011, Lopez pled guilty to a single charge of violation of a condition of supervised release. The charge alleged that on June 24, 2010, Lopez violated the mandatory condition that he "shall not use or possess a controlled substance" after testing positive for marijuana. On several prior occasions, he had also tested positive for drugs, including marijuana, cocaine, and morphine. Defendant had previously been found guilty of a violation of the terms of his supervised release on May 11, 2009, and was sentenced to one year and one day in custody and forty-eight months of supervised release.

The court was statutorily required to revoke the sentence of supervised release and impose a sentence that included a term of imprisonment not exceeding five years. *See* 18 U.S.C. 3565(b)(1) and § 3583(g). The instant violation was classified as a Grade C violation. *See* U.S.S.G. § 7B1.1(a)(3). The defendant's criminal history category at the time he was originally sentenced was III, yielding a guidelines range of imprisonment for the violation of between five and eleven months. *See* U.S.S.G. § 7B1.4(a).

Lopez was sentenced on October 17, 2011 to five months of incarceration, followed by discharge from supervised release. Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to

comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant appears unimproved by supervision; it appears unlikely that drug treatment will be effective in curing his addiction. Federal supervision would likely be redundant and would not serve any further benefit at this time.

                                                _____
                                                Jack B. Weinstein
                                                Senior United States District Judge

Dated: October 17, 2011
        Brooklyn, New York